STATE OF VERMONT

ENVIRONMENTAL COURT



|                    | }  |                           |
|--------------------|----|---------------------------|
| Appeal of Barrett  | }  | Docket No. 199-11-03 Vtec |
|                    | }  |                           |
|                    | }  |                           |

<u>Decision and Order on Town's Motion for Summary Judgment</u>

Appellant Elizabeth Barrett appealed from a decision of the Development Review Board (DRB) of the Town of Stowe, denying an appeal filed by Leslie A. Burnham regarding a permit issued to Gerald McDermott.  Appellant represents herself; Mr. McDermott did not enter an appearance; Ms. Burnham sent a letter to the Court but did not enter her appearance, and the Town is represented by Jill E. Spinelli, Esq.

The Town has moved for summary judgment; Appellant was sent information from the Court explaining summary judgment and the procedure for responding to a motion. The following facts are undisputed unless otherwise noted.

On June 16, 2003 Gerald McDermott applied to construct a house on his lot in the Mansfield View subdivision.  Appellant owns adjoining property; Ms. Burnham owns property adjoining Ms. Barrett's, across Ms. Barrett's driveway from the McDermott property.  The Zoning Administrator granted the permit as a permitted use on June 26, 2003.  The fifteen-day period for appeal to the DRB expired on July 12, 2003.  On July 18, 2003, the Zoning Administrator outlined his position on various issues that had been raised with him since the start of construction on the house.  That letter went to Robert and Kimberly Christie, Leslie and Chad Burnham, Charles Burnham, and Gerald and Mary Jane McDermott, and stated in its final paragraph that it could be appealed by filing a notice of appeal with the DRB within 15 days.

On July 31, 2003, Ms. Barrett submitted to the Zoning Administrator and the DRB a four-page letter stating the problems with the McDermott project, asking for Mr. McDermott to install his own driveway and asking for the banks to be repaired and plantings replaced on her property; her letter made reference to the points raised in the Zoning Administrator's

1

letter.  Nothing in the Barrett letter claimed to be a notice of appeal to the DRB, either from the permit issued to Mr. McDermott, or from the July 18, 2003 letter of the Zoning Administrator.

On August 1, 2003, Ms. Burnham filed an appeal with the DRB, although without the required filing fee.  It was set for hearing by the DRB in September of 2003, after which the DRB ruled that the Burnham appeal of the McDermott permit was not properly before the DRB, as it was filed after the expiration of the fifteen-day appeal period, and lacked the filing fee.  Appellant, but not Ms. Burnham, has appealed that decision to this Court in the present appeal.

Appellant could have appealed the initial permit, but did not do so within the fifteen-day period for appeal.  If she had done so, she could have raised all her issues regarding the proposal and whether any of it was really located on her property or whether it violated any of the Zoning Regulations.  She did not do so.

Appellant could have filed a late appeal of the initial permit, claiming that her lack of knowledge about the original permit justified a late appeal; if she had done so, the DRB and then this Court could have addressed the issue of whether notice of the original permit was properly given or whether any problems in notice should have justified a late appeal.  She did not do so.

Appellant could have appealed the July 18, 2003 letter of the Zoning Administrator to the DRB.  Her response letter was dated within the fifteen-day period for appeal of that letter, (and may have been filed with the DRB within that fifteen-day period), but it did not purport to be an appeal of that letter.  If that letter had been accepted by the DRB as an appeal, the DRB could have addressed each of the issues in that letter: lack of individual notice of the original permit, whether the covenants of the Mansfield View subdivision or the property rights of the parties can be considered in a zoning application, whether the safety of the driveway access can be considered in a zoning application for an individual house or is instead within the purview of the Public Works Department, and whether the parking configuration for the project violates the required ten-foot greenbelt provision of the zoning ordinance.  Appellant could have challenged the DRB's failure to treat her letter as a notice of appeal of the Zoning Administrator's letter, by requesting the DRB to accept it or

2

reject it, and could have then appealed that DRB ruling to this Court, but she did not do so.

All that Appellant has appealed in the present case is the DRB's rejection of the Burnham appeal as untimely and also as lacking the required filing fee. In response to the summary judgment motion she has not provided anything to suggest that the Burnham appeal of the McDermott permit was timely filed. The only fact she disputes regarding the procedural history of the Burnham appeal is whether the approved McDermott permit application was properly posted in Town Hall from June 26, 2003 through at least July 12, 2003. This sole disputed fact is not supported by any affidavit to suggest that it was not properly posted.

Appellant could have (and could still) file an action in superior court regarding any damage to her property or trespass on her property she believes is occurring due to the McDermott project. Such an action is not within the jurisdiction of this court.

Appellant could have (and could still) request the current Zoning Administrator to take action to enforce the Zoning Regulations and/or to require that the McDermott project be built according to its proposed plan. Such issues are not before the Court until or unless they are first addressed by the Zoning Administrator and come before the DRB, or unless the Town files an enforcement case to enforce the Zoning Regulations or the permit.

Accordingly, based on the foregoing, on or before June 25, 2004, Appellant may file a supplemental response to the Town's Motion for Summary Judgment containing an offer of proof, in affidavit form, of any evidence she would present at trial in support of her suggestion that the approved McDermott permit application was not properly posted in Town Hall from June 26, 2003 through at least July 12, 2003. In the absence of an affidavit or other evidence on that point, the Town's Motion for Summary Judgment will be granted. If any short evidentiary hearing turns out to be necessary on that point, it will be scheduled at the Stowe Town Hall on the mid-to-late afternoon of July 14, 2004.

Done at Barre, Vermont, this 11th day of June, 2004.

3

_____

Merideth Wright
Environmental Judge